Aero Industrial Equipment Co. *vs.* David Chernick.

MAY 20, 1957.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

FLYNN, C. J. This proceeding was commenced by a writ of *scire facias* against the defendant as bail for the release of a party who was under arrest in a civil action. The case was tried on the defendant's pleas of *nul tiel record* and *non est factum* by a justice of the superior court sitting without a jury and resulted in a decision for the defendant. It is before us on the plaintiff's exception to that decision.

The facts are not disputed. The plaintiff caused to be issued out of the sixth judicial district court an original writ of arrest in a civil action against Pasco Micieli, alleging substantially the latter's concealment of property for which a certain amount was then due. Thereupon Micieli was arrested by deputy sheriff John Di Falco and was released the same day upon receipt of the instant defendant's affidavit, which read as follows:

"Affidavit By Bail Or Surety

State of Rhode Island and Providence Plantations Providence, Sc.

I, David Chernick 172 West Clifford St of Providence County of Prov State of Rhode Island, on oath depose and say that I am the owner of real estate at 26 Mallet St, County of Providence, that said real estate stands on the record in said in my name and or in the names David Chernick; that my title thereto has never been questioned or disputed; that there is no agreement or contract outstanding for the purchase of said premises; that there is no suit, proceeding or judgment in any court affecting said premises; that said premises are free and clear of all taxes, incumbrances or liens, recorded or unrecorded, except that ten days' notice of intention to sell said premises shall

be given by this affiant to the Sheriff of Providence County prior to the sale thereof or of any part thereof; that the reasonable cash value of my interest in said premises is $4,500; that the affiant is married, and is over the age of twenty-one years.

Affiant further says that all the statements and representations in this affidavit contained are made in order to induce the Sheriff of Providence County or any one or more of his deputies to accept affiant as bail or surety in the case mentioned herein.

[signed] David Chernick

Subscribed and sworn to before me at Providence this 12th day of January A. D. 1953

[signed] Michael F. Costello
Notary Public

Lot 432 Plat 9"

When the writ was entered in the district court this affidavit was attached to the second page thereof by two wire staples, and the deputy sheriff's return appearing on the third page of the writ reads as follows:

"Providence, Sc.    In Providence in said county, on this 12th day of January A. D. 1953, I have arrested the body of the within named Pasco Micieli, alias as within commanded and have released him on bail accepting David Chernick as surety, as per affidavit attached herewith.

[signed] John Di Falco
Deputy Sheriff"

Subsequently, after completion of certain procedures not important here, a decision was entered for plaintiff and the case was appealed to the superior court where, by submission of Miciele's attorneys, a decision was rendered for plaintiff in the sum of $482.48 and costs. After the decision had become a judgment by operation of law and after an execution thereon had been returned wholly unsatisfied on the last day for service thereof, the plaintiff commenced this proceeding by *scire facias* against the defendant Chernick as bail.

In support of his exception, the plaintiff contends that the trial justice erred in finding that defendant's signature on the above-quoted affidavit did not constitute a compliance with the requirements of general laws 1938, chapter 561, §4. He further contends that by attachment of the affidavit to the writ when entered it satisfied the statutory conditions and became a substitute for a surety on a bail bond.

The defendant, however, urges that the decision was correct. He claims that he did not sign his Christian name and surname on the back of the original writ as required by the pertinent statute; and that assuming his signature can be considered as so written, his rights as surety were adversely affected by the submission of Miciele to a decision without prior notice, thus releasing this defendant from all obligations as a surety.

Treating these contentions in the reverse order, there is no merit to defendant's claim that he is entitled to the rights of a surety on a bond to release an attachment or on an ordinary contract of suretyship. The obligation of such a surety is to pay the final judgment, whereas the obligation of bail in a civil action, whether on a bond or on the writ, is merely to require "the defendant to appear at the court to which the writ is returnable and to await or to 'abide' the final judgment in the cause that the same may be enforced against him." *Rall Cotton Co.* v. *Terry,* 49 R. I. 375, 378. Moreover, as pointed out in that case, the bail may discharge his obligations during pendency of the original action and also before final judgment on *scire facias* by a surrender of the principal in accordance with the terms of the statute, G. L. 1938, chap. 565. See *Moran* v. *Goularte,* 42 R. I. 112.

The controlling question, therefore, is whether the defendant's signature on the instant affidavit, which was later affixed by the sheriff to the writ, complies with the requirements of chap. 561, §4. That statute reads as follows: "In-

stead of giving bond as aforesaid, the person becoming bail may indorse his christian name and surname on the back of the writ or process, which shall hold him as bail to the same extent as if he had executed and delivered a formal bail-bond." It has been held that this statute must receive a strict construction. *Dresser* v. *Fifield,* 12 R. I. 24. In that case a person who intended to serve as bail actually signed the writ but only with the initials of his Christian and middle names and his surname. It was held in substance that, although he always signed his name in that manner and intended to go bail, those facts made no difference, since the statute provided that he sign on the writ in a particular manner and that strict compliance with the statute was required.

In the instant case the defendant admittedly signed his full Christian name and surname on the affidavit in question. However, that signature was not written by the defendant on the back of the writ as required by the statute. It was not written on the writ at all. On the contrary it was written on a separate paper for another purpose and was later affixed to the writ by the deputy sheriff.

Apart from the action and return of the deputy sheriff in that connection, the affidavit cannot be related to this case. It contains no provision whatever that indicates its relation thereto or that the defendant by his signature intended to bind and was binding himself thereby as bail, or that he was authorizing the sheriff to attach it to the writ with the same binding effect as if defendant had actually signed the writ properly. The return of the officer is necessary to connect such signature and affidavit with this writ, but that connection is effected by the act of the officer and not by the defendant himself. Furthermore, while the practice of requiring such an affidavit of a person offering to act as bail is proper and helpful to the sheriff in the discharge of his independent duty, it is not made a part of

the required substance of a writ or of the return thereon. See G. L. 1938, chap. 559, §§1-3, and chap. 514, §§7-10.

We are of the opinion that under the language of the statute, which must be strictly construed, the defendant's signature is on an independent affidavit and cannot be accepted as constituting the signature of the defendant written by him on the back of the writ as prescribed in G. L. 1938, chap. 561, §4. In the circumstances we are of the opinion that the decision of the trial justice was correct.

The plaintiff's exception to the decision is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Fergus J. McOsker,* for plaintiff.

*Melvin A. Chernick,* for defendant.